UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SARAH NICOLE KAMINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00149-SNLJ |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Sarah Nicole Kaminski for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Upon consideration of the financial information provided with the motion, the Court finds that Plaintiff is unable to pay any portion of the filing fee. As a result, Plaintiff's motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has also filed a document titled "Mandamus In Personam" which will be denied. (ECF No. 3). Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**The Complaint**

Plaintiff is a self-represented litigant who filed the instant civil action against the State of Oklahoma. (ECF No. 1). Plaintiff did not use a Court-form[1] and titles this action "Non-Statutory Petition in Equity and Request for Immediate Mandatory Injunction and other Equitable Relief." (*Id*.). The vast majority of this 15-page complaint details a divorce and child custody case based

---

[1] The complaint is defective because it has not been drafted on a Court form. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Rather than require Plaintiff to re-file on a Court-form, the Court will conduct initial review of the Plaintiff's filings to avoid unnecessary delay of the disposition of this case.

1

out of Oklahoma. (*Id.*). Plaintiff complains that several public officials failed to perform their duties, which resulted in Plaintiff losing custody of her two minor children. (*Id.*). Plaintiff lodges grievances about the attorneys, the judge, the guardian ad litem, her children's father, her children's counselor, and social workers, among others. (*Id.*).

For relief, Plaintiff asks for the return of all funds provided to the attorneys in the case, as well as a forensic accounting and audit of the business that Plaintiff previously partially owned. (*Id.* at 14). Plaintiff demands the right to see her sons be restored. (*Id.*).

## Discussion

The Court has carefully reviewed the instant complaint and determined Plaintiff has not carried her burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff does not state any reason why this Court is the proper venue for her case. She attempts to bring a case before this Court against the State of Oklahoma for events that occurred in Oklahoma. None of the requirements of § 1391 are present here.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this

case, it does not appear to be in the interest of justice to transfer this case to a district court in Oklahoma, because even if venue were proper, Plaintiff's filings do not state any basis for federal court jurisdiction over this matter. Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). This case falls within the domestic relations exception to federal jurisdiction. That doctrine bars federal courts from hearing cases relating to divorce, alimony, or child custody. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted).

Because venue does not lie in the Eastern District of Missouri and because the interest of justice does not support transferring the case, the Court will dismiss this action for improper venue. *See* 28 U.S.C. § 1406(a).

### Mandamus In Personam

Plaintiff's filing titled "Mandamus In Personam" requests that her "private information" not be put in the public record with the filing of this case. (ECF No. 3). She states, "putting my information on the public record would cause me great irreparable harm." (*Id.*). She does not explain what private information she is seeking to be kept out of the public record, nor does she explain how she would be irreparably harmed if the information were to be part of the public record. Plaintiff also demands a meeting with a judge "no later than Friday, September 19, 2025." (*Id.*). Plaintiff states no valid basis for the requests in this filing. This motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** the Plaintiff's Mandamus In Personam is **DENIED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 17th day of September, 2025.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE